```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
ADLIFE MARKETING &                   :
COMMUNICATIONS CO. INC.,             :
                                     :
                    Plaintiff,       :    20 Civ. 1802 (VM)
                                     :
     - against -                     :    ORDER
                                     :
GANNETT CO., INC., et al.,           :
                                     :
                    Defendants.      :
-------------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

By letter dated July 3, 2020, defendant Gannett Co., Inc. ("Gannett") requested a conference to discuss its proposed motion for reconsideration of the Court's June 16, 2020 Order (the "Order," Dkt. No. 12), which extended the time for the above-named plaintiff ("Adlife") to serve its complaint on Gannett. (See "Letter Motion," Dkt. No. 14). Gannett bases its Letter Motion on Federal Rule of Civil Procedure 60 ("Rule 60"), which in relevant part allows the Court to grant Gannett relief from its Order based on "mistake, inadvertence, surprise, or excusable neglect . . . fraud[,] . . . misrepresentation, or misconduct by an opposing party . . . [or] any other reason that justifies relief." See Fed. R. Civ. P. 60(b).

Gannett argues that it meets the standards of Rule 60 because Adlife's motion for an extension of time to serve the complaint (the "Adlife Motion," Dkt. No. 11), which the

Court granted via the Order, failed to comply with this Court's Individual Practices and misrepresented the nature of negotiations between Gannett and Adlife in February of 2020. (See Letter Motion at 3-4.) According to Gannett, Adlife misrepresented that Gannett agreed to waive service of the complaint if settlement discussions did not resolve by May 31, 2020, although Gannett said only that it "appreciate[d] the courtesy of Adlife holding off on service of a complaint" while the parties "continue[d] to discuss a resolution of this matter." (Id. at 3.) Further, Gannett claims that Adlife failed to comply with this Court's Individual Practices by failing to serve the Adlife Motion on Gannett, to note whether Gannett consented to a grant of the Adlife Motion, and to file the Adlife Motion before the existing service of process deadline. (Id.)

Adlife opposed the Letter Motion on July 6, 2020. (See Dkt. No. 17.) Adlife argues that it did not mislead the Court in the Adlife Motion, as it actually believed it had reached an agreement with Gannett regarding waiver of service and had thus established good cause for the extension. (See id. at 1.) Adlife adds that it did not need to serve the Adlife Motion on Gannett or state Gannett's position because Gannett had not yet entered an appearance in the action. (Id. at 2.) Adlife further claims that even

if it did not establish good cause for the requested extension, the Court nevertheless possessed discretion to grant the extension pursuant to Federal Rule of Civil Procedure 4(m) ("Rule 4(m)"). (See id.) Adlife presses that Gannett has had actual notice of the action since its filing in February of 2020 and would not be prejudiced by responding to the complaint, while dismissing the complaint without prejudice would raise wasteful disputes regarding whether some (but not all) of Adlife's claims are barred by the statute of limitations. (Id.)

The Court now construes Gannett's Letter Motion as a motion for reconsideration pursuant to Rule 60 and DENIES the Letter Motion. While Adlife and Gannett clearly had different interpretations of their discussions regarding waiver of service, the Court declines to conclude that Adlife's description of such discussions in the Adlife Motion amounts to fraud, misrepresentation, or misconduct within the meaning of Rule 60. And even if Adlife did not establish good cause for an extension of time to serve or strictly comply with the Court's Individual Practices, the Court is not persuaded that reconsideration of the Order or dismissal of Adlife's complaint would be an appropriate remedy under these circumstances.

If service is not made within 90 days, Rule 4(m) requires the Court to either "dismiss the action without prejudice . . . or order that service be made within a specified time." Fed R. Civ. P. 4(m). The Court would have chosen the latter route at the time it granted the Adlife Motion, and it would do so now. Rule 4(m) is "to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice," and it disfavors dismissal if "it appears that proper service may still be obtained." Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir. 1986) (internal quotation marks and emphasis omitted). Gannett had actual notice of this action since its initial filing, and the Court is not persuaded that the extension provided for in the Order was prejudicial. Accordingly, the Court sees no need for either a conference or reconsideration of the Order. The Letter Motion is denied, and Gannett is hereby ordered to respond to Adlife's complaint within seven days of the entry of this Order.

**SO ORDERED.**

Dated:   New York, New York
         08 July 2020

_____
Victor Marrero
U.S.D.J.